ORIGINAL

RECEIPT NUMBER
200522880

36 Pgs
attach A - C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### NORTHEI

```
JUDGE : Lawson, David M.
DECK  : Bay City Civ Deck
DATE  : 03/17/2005 @ 15:57:40
CASE NUMBER : 1:05CV10084
CMP J. LEWIS COOPER CO ET AL VS
NATIONAL WINE AND SPIRITS (LE)
```

J. LEWIS COOPER CO., HENRY A.
FOX SALES COMPANY, and
FABIANO BROS., INC., collectively
d/b/a TRANS-CON, CO.,

　　　　Plaintiffs,

　　　　　　　　　　　　　　　　　　Circuit Court Case No.: 05-3790-NZ

v

　　　　　　　　　　　　　　　　　　Hon. Paul H. Chamberlain

DIAGEO NORTH AMERICA, INC.
NATIONAL WINE & SPIRITS, INC. and
NATIONAL WINE & SPIRITS, L.L.C.,

　　　　　　　　　　　　　　　　　MAGISTRATE JUDGE BINDER

　　　　Defendants.

_____/

## NOTICE OF REMOVAL

TO:

Clerk of Court
United States District Court
Eastern District of Michigan,
Northern Division
Theodore Levin United States
Courthouse
231 W. Lafayette Blvd.
Detroit, MI 48226

Anthony S. Kogut (P31697)
Raymond J. Foresman, Jr.
(P13574)
Curtis R. Hadley (P32160)
Willingham & Cote, P.C.
Attorneys for Plaintiffs
333 Albert Avenue, Suite 500
East Lansing, MI 48823-4394
517-351-6200

William M. McClintic (P17310)
Co-Counsel for Plaintiffs
1234 East Broomfield Road, #4E
Mt. Pleasant, MI 48858
989-772-4206

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

Defendant National Wine & Spirits, Inc. respectfully states:

1.    National Wine & Spirits, Inc. is a defendant in a civil action pending in the Isabella County Circuit Court, State of Michigan, entitled *J. Lewis Cooper Co., Henry A. Fox Sales Company, and Fabiano Bros., Inc., collectively d/b/a Trans-Con, Co., v Diageo North America, Inc. National Wine & Spirits, Inc. and National Wine & Spirits, L.L.C.,* Case No. 05-3790-NZ.  This action is removed to this Court pursuant to 28 U.S.C. § 1441(a) in that the action is one over which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332 because, as shown below, complete diversity of citizenship exists between the plaintiff and all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

2.    Plaintiffs J. Lewis Cooper Company ("Cooper"), Fox Sales Company ("Fox") and Fabiano Bros., Inc. ("Fabiano") are each Michigan corporations with principal places of business in Michigan.  Therefore, Cooper, Fox, and Fabiano are each citizens of the State of Michigan (*See* Summons and Complaint ¶¶ 1-3 attached as Exhibit A).

3.    Defendant National Wine & Spirits, Inc. is an Indiana corporation with a principal place of business located at 700 West Morris Street, Indianapolis, Indiana 46225.  Exhibit B Affidavit of John Baker.  National Wine & Spirits, Inc. is, therefore, a citizen of the State of Indiana, and not a citizen of the State Michigan.

MILLER, CANFIELD, PADDOCK AND STONE, PLC

4.     Defendant Diageo North America, Inc. ("Diageo") is a Connecticut corporation organized under the laws of the State of Connecticut with its principal place of business located at 801 Main Avenue, Norwalk, Connecticut 06851.   Diageo is, therefore, a citizen of the State of Connecticut, but not a citizen of the State of Michigan.

5.     Defendant National Wine & Spirits, L.L.C. is a Michigan limited liability company with a principal place of business at 17550 Allen Road, Brownstown, Michigan 48192.   National Wine & Spirits, L.L.C. is, therefore, a citizen of the State of Michigan. However, National Wine & Spirits, L.L.C. was fraudulently joined to this case.

## FRAUDULENT JOINDER OF NATIONAL WINE & SPIRITS, L.L.C.

6.     The right of removal cannot be defeated by the fraudulent joinder of a resident defendant having no real connection with the controversy.   Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 66 L. Ed. 144, 42 S. Ct. 35 (1921).

7.     With respect to fraudulent joinder, the Sixth Circuit has stated: "Under the doctrine of fraudulent joinder, the inquiry is whether [plaintiff] had at least a colorable cause of action against [defendant] in the Michigan state courts." Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (C.A.6, 1999), citing Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 949 (C.A.6, 1994).

8.     Because it is a jurisdictional inquiry, the Court "is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'"   Graphic Resources Group, Inc. v Honeybaked Ham Co., 51 F.Supp.2d 822, 824-825 (E.D. Mich., 1999).

9.      National Wine & Spirits, L.L.C. is the only non-diverse party and was joined solely to defeat diversity jurisdiction.   There is no colorable basis for a claim against this non-diverse defendant.

10.     Plaintiffs' theory of liability is that the defendants interfered with Plaintiffs' existing and prospective business relationship with respect to serving as the exclusive ADA and broker of spirits in the State of Michigan for Schieffelin  & Somerset Co. ("Schieffelin"). See Exhibit A, Complaint.  Plaintiffs contend that defendants, including National Wine & Spirits, L.L.C., intentionally and improperly induced Schieffelin to terminate its agreements with Plaintiffs and transfer that business to NWS, Inc. or National Wine & Spirits, L.L.C.  Plaintiffs rely on this alleged interference in asserting claims for violation of the Michigan Antitrust Reform Act and common law civil conspiracy.  Plaintiffs also allege claims of unjust enrichment and breach of implied contract.

11.     In their Complaint, Plaintiffs identify National Wine & Spirits, L.L.C. as "an ADA and Broker of spirits in Michigan under the Michigan Liquor Control Code...." This is false.  National Wine & Spirits, L.L.C. is not authorized to act as an Authorized Distribution Agent ("ADA") of spirits in Michigan and does not act as an ADA in Michigan. Exhibit C, Affidavit of Steve Null.

12.     In fact,  National Wine & Spirits, L.L.C. distributes wine and low-proof liquor in Michigan. Exhibit C.  Wine and low-proof liquor are not considered "spirits" under the Michigan Liquor Control Code of 1998, MCL 436.1111(13), and a distributor of these products need not be approved by the liquor control commission as an ADA,

-4-

MCL 436.1105(3).   Thus, National Wine & Spirits, L.L.C. does not compete with Plaintiffs in the distribution of spirits.  Moreover, Schieffelin could not have transferred its business from Plaintiffs to National Wine & Spirits, L.L.C. because wine and low proof spirits distributors are prohibited from acting as an ADA or broker of spirits.

13.    The thrust of Plaintiffs' Complaint is that Plaintiffs lost the ADA and spirits brokerage contracts with Schieffelin in 2003.  Plaintiffs' claims arise from Scheiffelin's decision to transfer their ADA and broker of spirits agreements to entities other than Plaintiffs.

14.    Based on the facts, there is no reasonable possibility that Plaintiffs can sustain a claim against National Wine & Spirits, L.L.C.  In 2003, NWS Michigan, Inc. entered into an Authorized Distribution Agent Agreement and a Brokerage Agreement with Schieffelin.  National Wine & Spirits, L.L.C. is not a party to the 2003 agreements between NWS Michigan, Inc. and Schieffelin.  National Wine & Spirits, L.L.C. did not participate in any discussions or negotiations concerning the 2003 NWS Michigan, Inc./Schieffelin agreements. Exhibits B and C.

15.    Plaintiffs have not identified any action by National Wine & Spirits, L.L.C. that induced Scheiffelin to take business away from Plaintiffs or otherwise interfered with Plaintiffs' business relationship with Scheiffelin.  National Wine & Spirits, L.L.C. cannot be part of a monopoly of trade or commerce in an area of trade or commerce in which it does not participate.  Moreover, National Wine & Spirits, L.L.C. was not unjustly enriched and owes no implied contractual obligations to Plaintiffs based on Scheiffelin's

decisions to transfer their ADA and broker of spirits agreements to another entity, NWS Michiigan, Inc.

16.    Plaintiffs' joinder of National Wine & Spirits, L.L.C. was fraudulent under the doctrine of fraudulent joinder because Plaintiffs have no possibility of recovery against National Wine & Spirits, L.L.C.

17.    Accordingly, Defendant National Wine & Spirits, L.L.C. should be disregarded for purposes of determining diversity of citizenship. Diversity of citizenship exists in this case because Plaintiffs are citizens of Michigan and Diageo and National Wine & Spirits, Inc. are citizens of Connecticut and Indiana respectively.

## AMOUNT IN CONTROVERSY

18.    As indicated by the Complaint, Plaintiffs seek lost profit and future lost profits damages relating to liquor distribution and brokerage contracts, plus additional unspecified costs, fees, and interest.

19.    Trans-Con Co. has sued National Wine & Spirits, L.L.C., Diageo and National Wine & Spirits, Inc. for lost revenues and profits, including loss of future profits, on a theory that these companies wrongfully induced Schieffelin to replace Trans-Con as its ADA and broker of spirits in Michigan. Based the experience with NWS Michigan, Inc., including its knowledge of the revenues associated with such contracts in the industry, Trans-Con Co's claim for lost profits and future lost profits exceeds $75,000. See Exhibit C. Moreover, Plaintiff Cooper's implied contract claim against Diageo concerns Plaintiff Cooper's alleged payment of $288,000. Exhibit A, ¶¶44-49.

20.     Accordingly, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## TIMING AND OTHER REQUIREMENTS FOR REMOVAL

21.     Thirty days have not elapsed since National Wine & Spirits, Inc. first "received" a copy of the Complaint.  Such first receipt (within the meaning of *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)) occurred on September 10, 2004, when Wipfli was first served with the Summons and Complaint.

22.     A copy of the Summons and Complaint from the state court action is attached hereto as Exhibit A.  Based on the knowledge of National Wine & Spirits, Inc., the Summons and Complaint are the only process, pleading or order filed in the state court.  A motion for change of venue has been previously filed in the state court.

23.     Written notice of the filing of this removal notice will be given to all other parties and will be filed with the Isabella County Circuit Court, State of Michigan, following the filing of this Notice in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, defendant National Wine & Spirits, Inc. requests that this action proceed as properly removed to this Court.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: _Dean M. Altobelli/lla_
      Dean M. Altobelli (P48727)
Attorneys for Defendants National Wine & Spirits, Inc. and
National Wine & Spirits, L.L.C.
One Michigan Avenue, Suite 900
Lansing, MI 48933
(517) 487-2070

Dated:  March 17, 2005

LALIB:133188.1\114169-00003

-8-



| STATE OF MICHIGAN 21st JUDICIAL CIRCUIT | SUMMONS AND COMPLAINT | CASE NO. 05- 3790 -NZ |
|---|---|---|

Court address
300 North Main Street, Mt. Pleasant, MI 48858

Court telephone no.
(989) 772-0911

| Plaintiff(s)Petitioner(s) | Defendant(s)Respondent(s) |
|---|---|
| J. LEWIS COOPER CO., HENRY A. FOX SALES COMPANY, and FABIANO BROS., INC., collectively d/b/a TRANS-CON CO. | DIAGEO NORTH AMERICA, INC. R/A: Corporation Company 30600 Telegraph, Bingham Farms, MI 48025 NATIONAL WINE & SPIRITS, INC. R/A: James E. LaCrosse 700 West Morris Street, Indianapolis, IN 46225 NATIONAL WINE & SPIRITS, LLC R/A: James B. Miller 17550 Allen Road, Brownstown, MI 48192 |
| Plaintiff attorney, bar no., address and telephone no. Anthony S. Kogut (P31697) Willingham & Coté, P.C. 333 Albert Avenue, Suite 500 East Lansing, Michigan 48823-4394 (517) 351-6200 / FAX (517) 351-1195 William M. McClintic (P17310) Co-Counsel for Plaintiffs 1234 East Broomfield Road, #4E Mt. Pleasant, MI 48858 989-772-4206/FAX 989-772-1130 | **F I L E D** FEB 0 9 2005 COUNTY CLERK ISABELLA COUNTY MT. PLEASANT, MICH |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued 2·9·05 | This summons expires 5·10·05 | Court clerk Joyce A. Swan |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of Circuit Court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the Circuit Court involving the family or family members of the parties has been previously filed in _____ Court.
The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

The civil/domestic relations action ☐ remains ☐ is no longer pending.

| VENUE | |
|---|---|
| Plaintiff(s) residence(include city, township or village) Isabella County, Michigan | Defendant(s) residence(include city, township or village) Defendant Diageo North America - Foreign Corporation Defendant NWS, Inc. - Foreign Corporation Defendant NWS, LLC - Wayne County, Michigan |
| Place where action arose or business conducted | Isabella County, Michigan |

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

February 8, 2005
Date

Signature of attorney        Anthony S. Kogut (P31697)

**COMPLAINT IS STATED ON THE ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.
MC 01 (11/97) SUMMONS AND COMPLAINT        MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

MAR-11-05 12:08
03/11/2005 12:07 FAX
Case 1:05-cv-10084-DML-CEB   ECF No. 1, PageID.11   Filed 03/11/05   Page 11 of 36
P.04
R-507
Job-996
☑004/008

SUMMONS AND COMPLAINT
Case No. 05- 3790 -NZ

### PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint no later than 91 days from the date of filing.  You must make and file your return with the court clerk.  If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE/AFFIDAVIT OF SERVICE/NON-SERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notary not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notary not required) |

☐ I served personally a copy of the summons and complaint,

☑ served by registered or certified mail (copy of return receipt attached) together with Plaintiffs' First Request for Production _____ a copy of the summons and complaint, on the defendant(s):

Attachment

| Name(s) | Complete address(es) of service | Day, date, time |
|---|---|---|
| National Wine & Spirits, Inc. | 700 W. Morris St. Indianapolis, IN  46225 | Friday, 2-11-05 |
| | | |

☐ After diligent search and inquiry, I have been unable to find and serve the following defendant(s): _____

I have made the following efforts in attempting to serve process: _____

☐ I have personally attempted to serve the summons and complaint, together with _____

Attachment

_____ on _____

Name

at _____ and have been unable to complete service because

the address was incorrect at the time of filing.

Signature _Jill A. Perkins_
Jill A. Perkins
Legal Secretary

Title

| Service fee $ | Miles traveled $ | Mileage fee $ | Total fee $ |
|---|---|---|---|

in Ingham

Subscribed and sworn to before me on 2-11-05
                                      Date

Shiawassee County, Acting County, Michigan.

My commission expires: 7-30-07      Signature _Betsey J. Taack_
                       Date              Notary public Betsey J. Taack

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____

Attachment

_____ on _____

Day, date, time

_____ on behalf of _____

Signature

MCR 2.105

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

ANTHONY S. KOGUT, ESQ.
WILLINGHAM & COTE', P.C.
333 ALBERT AVENUE, SUITE 500
EAST LANSING MI 48823-4394

09

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

National Wine & Spirits, Inc
c/o James E. LaCrosse
700 West Morris Street
Indianapolis, IN 46225

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Crystal Johnson_     ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery
CRYSTAL Johnson     2-15-05

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered      ☑ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
(Transfer from service label)    7003 2260 0005 7747 0725

PS Form 3811, August 2001     Domestic Return Receipt     102595-02-M-0835

| STATE OF MICHIGAN 21st JUDICIAL CIRCUIT | SUMMONS AND COMPLAINT | CASE NO. 05- 3790 NZ |
|---|---|---|

| Court address 300 North Main Street, Mt. Pleasant, MI 48858 | Court telephone no. (989) 772-0911 |
|---|---|

**Plaintiff(s)/Petitioner(s)**
J. LEWIS COOPER CO., HENRY A. FOX SALES COMPANY, and FABIANO BROS., INC., collectively d/b/a TRANS-CON CO.

v

**Defendant(s)/Respondent(s)**
DIAGEO NORTH AMERICA, INC.
R/A: Corporation Company
30600 Telegraph , Bingham Farms, MI 48025

NATIONAL WINE & SPIRITS, INC.
R/A: James E. LaCrosse
700 West Morris Street, Indianapolis, IN 46225

NATIONAL WINE & SPIRITS, LLC
R/A: James B. Miller
17550 Allen Road, Brownstown, MI 48192

**Plaintiff attorney, bar no., address and telephone no.**
Anthony S. Kogut (P31697)
Willingham & Coté, P.C.
333 Albert Avenue, Suite 500
East Lansing, Michigan 48823-4394
(517) 351-6200 / FAX (517) 351-1195

William M. McClintic (P17310)
Co-Counsel for Plaintiffs
1234 East Broomfield Road, #4E
Mt. Pleasant, MI 48858
989-772-4206/FAX 989-772-1130

**F I L E D**

FEB 0 9 2005

COUNTY CLERK
ISABELLA COUNTY

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued 2·9·05 | This summons expires 5·10·05 | Court clerk Joyce A. Swan |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of Circuit Court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the Circuit Court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

The civil/domestic relations action  ☐ remains  ☐ is no longer pending.

| VENUE |
|---|

| Plaintiff(s) residence(include city, township or village) Isabella County, Michigan | Defendant(s) residence(include city, township or village) Defendant Diageo North America - Foreign Corporation Defendant NWS, Inc. - Foreign Corporation Defendant NWS, LLC - Wayne County, Michigan |
|---|---|

| Place where action arose or business conducted | Isabella County, Michigan |
|---|---|

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

February 8, 2005
Date

Signature of attorney   Anthony S. Kogut (P31697)

**COMPLAINT IS STATED ON THE ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.
MC 01 (11/97) SUMMONS AND COMPLAINT          MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

MAR-11-05 12:10
03/11/2005 12:08 FAX
P.07
R-667
Job-995
Case 1:05-cv-10084-DML-CEB   ECF No. 1, PageID.14   Filed 03/17/05   Page 14 of 36
007/008

**SUMMONS AND COMPLAINT**
Case No. 05- 3790 -NZ

## PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint no later than 91 days from the date of filing. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE/AFFIDAVIT OF SERVICE/NON-SERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notary not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notary not required) |

☐ I served personally a copy of the summons and complaint,

☒ I served by registered or certified mail (copy of return receipt attached) together with   **Plaintiffs' First Request for Production**      a copy of the summons and complaint, on the defendant(s):

Attachment

| Name(s) | Complete address(es) of service | Day, date, time |
|---|---|---|
| National Wine & Spirits, LLC | 17550 Allen Road Brownstown, MI  48192 | Friday, 2-11-05 |
| | | |
| | | |

☐ After diligent search and inquiry, I have been unable to find and serve the following defendant(s): _____

_____

I have made the following efforts in attempting to serve process: _____

_____

☐ I have personally attempted to serve the summons and complaint, together with _____

_____ on _____     Attachment
                              Name

at _____     and have been unable to complete service because

the address was incorrect at the time of filing.       Signature  *Jill A. Perkins*
                                                       Jill A. Perkins
                                                       Legal Secretary
                                                       Title

| Service fee $ | Miles traveled $ | Mileage fee $ | Total fee $ |
|---|---|---|---|
| | | | |

Subscribed and sworn to before me on __2-11-05__          in Ingham
                                          Date       Shiawasse County, Acting County, Michigan.

My commission expires: __7-30-07__     Signature *Betsey J. Taack*
                            Date              Deputy court clerk/Notary public  Betsey J. Taack

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                       Attachment

_____ on _____
                             Day, date, time

_____     on behalf of _____
Signature

MCR 2.105

MAR-11-05 12:16

03/11/2005 12:08 FAX

Case 1:05-cv-10084-DML-CEB   ECF No. 1, PageID.15   Filed 03/17/05   Page 15 of 36

P. 08

R-867

Job-990

☑008/008

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

ANTHONY S. KOGUT, ESQ.
WILLINGHAM & COTE', P.C.
333 ALBERT AVENUE, SUITE 500
EAST LANSING MI 48823-4394

05

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

National Wine & Spirits, LLC
C/o James B. Miller
17550 AllenRoad
Brownstown, MI 46225

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Glenn Redding_   ☐ Agent   ☒ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
3-3-05

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7003 2260 0005 7747 0718

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-0835

FEB-16-05  14:14     FROM-NATIONAL WINE & SPIRITS CORP          317-685-8810          T-160  P.05/22  F-088

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF ISABELLA**

J. LEWIS COOPER CO., HENRY A.
FOX SALES COMPANY, and
FABIANO BROS., INC., collectively
d/b/a TRANS-CON, CO.,

     Plaintiffs,

v.

DIAGEO NORTH AMERICA, INC.,
NATIONAL WINE & SPIRITS, INC. and
NATIONAL WINE & SPIRITS, L.L.C.,

     Defendants.

Case No.: 05- 3790 -NZ

Hon. Paul H. Chamberlain

**FILED**

FEB 0 9 2005

COUNTY CLERK
ISABELLA COUNTY

Anthony S. Kogut (P31697)
Raymond J. Foresman, Jr. (P13574)
Curtis R. Hadley (P32160)
Willingham & Cote, P.C.
Attorneys for Plaintiffs
333 Albert Avenue, Suite 500
East Lansing, Michigan 48823-4394
517-351-6200 / FAX 517-351-1195

William M. McClintic (P17310)
Co-Counsel for Plaintiffs
1234 East Broomfield Road, #4E
Mt. Pleasant, MI 48858
989-772-4206/FAX 989-772-1130

There is no other pending or resolved civil action arising
out of the same transaction or occurrence as alleged in the
complaint.

## COMPLAINT

Plaintiffs J. Lewis Cooper Company ("Cooper"), Henry A. Fox Sales Company
("Fox"), and Fabiano Bros., Inc. ("Fabiano"), collectively doing business as Trans-Con, Co.
("Trans-Con"), by their attorneys, Willingham & Cote, P.C., state for their complaint against
Defendants Diageo North America, Inc. ("Diageo"), National Wine & Spirits, Inc. ("NWS
Inc.") and National Wine & Spirits, L.L.C. ("NWS LLC"):

### General Allegations

1.    Cooper is a Michigan corporation with its spirits brokerage business being
located in Oakland County, Michigan and doing business throughout Michigan.

FEB-16-05  14:14      FROM-NATIONAL WINE & SPIRITS CORP           317-685-8810          T-150   P.06/22   F-088

2.     Fox is a Michigan corporation with its principal place of business in Kent County, Michigan, doing business in Isabella County.

3.     Fabiano is a Michigan corporation with its principal place of business in Isabella County, Michigan.

4.     Cooper, Fox and Fabiano jointly operate their businesses as Authorized Distributor Agents ("ADA") and Brokers of spirits under the assumed name Trans-Con, Co., and are engaged as Authorized Distribution Agents and Brokers of spirits in Michigan under the Michigan Liquor Control Code. Hereinafter, Cooper, Fox and Fabiano and Trans-Con, Co. will be referenced collectively as "Trans-Con" or "Plaintiffs".

5.     Diageo, formerly known as UDV North America, Inc. and Guinness UDV North America, Inc., (hereinafter "UDVNA" or "Diageo") is a producer and importer of alcoholic beverages and is a Connecticut corporation doing business throughout the state of Michigan and, in particular, in Isabella County.

6.     NWS Inc. is an Indiana corporation engaged in the business of distributing spirits in several states in the Midwest, including Michigan and, upon information and belief, does business in Isabella County.

7.     NWS LLC, is a Michigan limited liability company controlled, upon and information and belief, by NWS, Inc. and an ADA and a Broker of spirits in Michigan under the Michigan Liquor Control Code, and does business in Isabella County.

**COUNT I - INTERFERENCE WITH EXISTING AND PROSPECTIVE BUSINESS RELATIONS**

8.     Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 7 of the Complaint as though fully set forth herein.

2

9.     Trans-Con became the exclusive Authorized Distribution Agent and Broker for Diageo's predecessor for the distribution of certain spirit brands, contemporaneous with the commencement of the plan for privatization of the distribution of spirits for the State of Michigan, adopted by the Michigan Liquor Control Commission in late 1996 or early 1997.

10.     Schieffelin & Somerset Co. ("Schieffelin") upon information and belief is a foreign partnership which does business in the State of Michigan.  Schieffelin is an importer of alcoholic beverages. Upon information and belief, Diageo is and, at all times relevant hereto, was a part owner of Schieffelin, but Schieffelin was and is an independent entity that at all relevant times had its own contractual relationship with the plaintiffs.

11.     Trans-Con became the exclusive Authorized Distribution Agent and Broker for  Schieffelin for the distribution of certain spirit brands, contemporaneous with the commencement of the plan for privatization of the distribution of spirits for the State of Michigan, adopted by the Michigan Liquor Control Commission in late 1996 or early 1997.

12.     In January 2002, Schieffelin informed Trans-Con that it was reviewing its distribution and brokerage arrangements in several Midwestern states, including Michigan.

13.     Separately, but also in January, 2002, Diageo informed Trans-Con that it was reviewing its distribution and brokerage arrangements in several Midwestern states, including Michigan.

14.     In March 2002, Diageo hired one Mr. Julian Burzynski, a former Cooper employee whose employment had been terminated pursuant to a written agreement that contained for good and valuable consideration a covenant not to compete with Cooper or to interfere in any way with any of Cooper's business relationships.

15.     After Diageo hired Burzynski, he was put in charge of the review of Diageo's distribution and brokerage arrangements in the Midwest, including Michigan, which put him

3

in a position to make recommendations and decisions which could adversely affect Cooper's and Trans-Con's existing business relationship with Diageo.

16.    When Cooper learned that Burzynski was going to be involved in decisions affecting Cooper's business with Diageo, Cooper informed Diageo of the aforesaid provisions in Burzynski's agreement with Cooper. Diageo assured Cooper that Burzynski would not be involved in any decisions made by it affecting Cooper.

17.    Notwithstanding those assurances, Cooper subsequently received information and communications indicating Burzynski continued to be involved in the review of Diageo's distribution and brokerage arrangements, including its contract with Cooper and Trans-Con.

18.    In connection with Diageo's review of its distribution and brokerage relationships in Michigan, Trans-Con submitted a proposal to Diageo to continue its distribution and brokerage contract with Diageo.

19.    Similarly, in connection with Schieffelin's review of its distribution and brokerage relationships in Michigan, Trans-Con submitted a proposal to Schieffelin to continue its distribution and brokerage contract with Schieffelin.

20.    On more than one occasion, Schieffelin personnel, including top executives, assured Trans-Con's principals that Schieffelin intended to continue its exclusive distribution and brokerage contracts with Trans-Con; that its review of its distribution and brokerage arrangements was not connected to Diageo's process; and, that Schieffelin's decisions would be independent of Diageo's decision in selecting its ADA and Broker. These assurances were repeated in November 2002 by David Ortiz, Senior Vice President of Schieffelin.

21.    In January 2003, Schieffelin honored Trans-Con at a convention in Puerto Rico as one of its best distributors in the United States. At that time Schieffelin executives

4

again reassured Trans-Con that Schieffelin was not interested in changing its business arrangements with Trans-Con, but indicated that Schieffelin was getting pressure from Diageo to make a change.

22. On February 19, 2003 Trans-Con was separately informed by Diageo and by Schieffelin that they were each terminating their ADA and brokerage contracts with Trans-Con.

23. On the same day, Diageo and Schieffelin each announced that NWS Inc. had been selected as their ADA in Michigan.

24. Upon information and belief, as part of its review of its distribution and brokerage arrangements in several Midwestern states, Diageo also reviewed its distribution agreements in the state of Illinois during 2002.

25. Upon information and belief, as result of that review, Diageo announced on January 3, 2003, that it was terminating its distribution arrangements with NWS Inc. in the state of Illinois as of February 3, 2003.

26. Upon information and belief, NWS Inc. challenged the termination of its distribution rights in Illinois and publicly claimed that the termination was not lawful.

27. Upon information and belief, Diageo and NWS Inc. negotiated a resolution of their dispute concerning Diageo's termination of NWS Inc.'s distribution rights in Illinois, with Diageo agreeing to pay NWS Inc. the sum of $9,000,000 as a part of that settlement and assurances that NWS Inc. would receive the Diageo and Schieffelin spirits distribution rights in Michigan and that they would work in concert to force Schieffelin to stop doing business with Trans-Con and give the Schieffelin business to NWS, Inc. and/or NWS, LLC.

28. Upon information and belief, Diageo agreed to give NWS Inc. and/or NWS LLC distribution rights in Michigan for Diageo and Schieffelin products or to give NWS Inc.

5

and/or NWS LLC more favorable consideration for the grant of distribution rights in Michigan for Diageo and Schieffelin products as part of the resolution of the dispute between Diageo and NWS Inc. with respect to NWS Inc.'s loss of distribution rights in the State of Illinois.

29.    Trans-Con and/or its members had a contractual relationship with Schieffelin as its exclusive Authorized-Distribution Agent (ADA) and the broker of spirits in the State of Michigan and that contractual relationship would have continued but for the actions of Diageo, NWS INC and/or NWS, LLC.

30.    Diageo, NWS Inc. and NWS LLC were all aware of the contractual relationship between Schieffelin and Trans-Con; and of Trans-Con's expected continuation of those rights.

31.    Notwithstanding such knowledge, upon information and belief, Diageo, NWS Inc., and NWS LLC improperly, intentionally and unlawfully forced or wrongfully induced Schieffelin to terminate its contract with Trans-Con so as to enter into a similar contract with NWS Inc. and/or NWS LLC.

32.    Diageo has held itself out as a corporate entity separate from Schieffelin when, in fact, Diageo has disregarded the separate corporate form and has improperly controlled the actions of Schieffelin in order to accomplish the interference with existing and prospective business relationships of Trans-Con as set forth herein.

33.    Upon information and belief, Diageo, NWS Inc. and NWS LLC; through improper, intentional and unlawful interference with Trans-Con's business relationship, caused Schieffelin to terminate (or not renew) its existing and prospective business relationships (including the ADA and brokerage contracts between Schieffelin and Trans-

6

Con and/or Plaintiffs), which would have been continued and/or been renewed but for Defendants' improper, intentional and unlawful interference.

34.    The actions of Defendants as alleged herein were intentional and constitute one or more per se wrongful acts. Alternatively, such acts were done with malice and were unjustified in law for the purpose of invading the contractual rights or business relationships of Trans-Con.

35.    As a direct and proximate result, Trans-Con lost the benefit of its existing and prospective ADA and brokerage contracts with Schieffelin, which has resulted in substantial lost revenues and profits, including loss of future profits, to its detriment.

WHEREFORE, Plaintiffs J. Lewis Cooper Co., Henry A. Fox Sales Company, Fabiano Bros., Inc, collectively doing business as Trans-Con, Co., by and through their attorneys, request judgment against Defendants, jointly and severally, in whatever amount in excess of $25,000 to which Plaintiffs are entitled, together with interest, costs and attorney fees as allowed by law.

### COUNT II - VIOLATION OF MICHIGAN ANTITRUST REFORM ACT

36.    Plaintiffs incorporate by reference the allegations set forth in Paragraphs 8 through 35 of the Complaint as though fully set forth herein.

37.    The actions of Defendants as alleged herein constitute the attempt to establish a monopoly of trade or commerce in this state for the purpose of limiting competition in violation of the Michigan Antitrust Reform Act, MCL 445.771, *et seq*.

38.    The actions of Defendants as alleged herein constitute a conspiracy of two or more persons in restraint of trade or commerce in violation of the Michigan Antitrust Reform Act, *supra*.

7

**WHEREFORE**, Plaintiffs J. Lewis Cooper Co., Henry A. Fox Sales Company, Fabiano Bros., Inc, collectively doing business as Trans-Con, Co., by and through their attorneys, Willingham & Cote, P.C., request judgment against Defendant, jointly and severally, in whatever amount in excess of $25,000 to which Plaintiffs are entitled, together with interest, costs, attorney fees and treble damages as allowed by law.

### COUNT III - CIVIL CONSPIRACY

39.	Plaintiffs incorporate by reference the allegations set forth in Paragraphs 36 through 38 of the Complaint as though fully set forth herein.

40.	The actions of Defendants as alleged herein constitute a concerted action to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means and therefore constitutes a civil conspiracy.

**WHEREFORE**, Plaintiffs J. Lewis Cooper Co., Henry A. Fox Sales Company, Fabiano Bros., Inc, collectively doing business as Trans-Con, Co., by and through their attorneys, Willingham & Cote, P.C., request judgment against Defendant, jointly and severally, in whatever amount in excess of $25,000 to which Plaintiffs are entitled, together with interest, costs and attorney fees as allowed by law.

### COUNT IV - UNJUST ENRICHMENT

41.	Plaintiffs incorporate by reference the allegations set forth in Paragraphs 39 through 40 of the Complaint as though fully set forth herein.

42.	That subsequent to the termination of the Diageo and Schieffelin ADA Contracts and broker Agreements, Trans-Con was required to warehouse Diageo and Schieffelin products for a lengthy period of time to Trans-Con's detriment and Defendants' benefit.

.FEB-16-05  14:16     FROM-NATIONAL WINE & SPIRITS CORP        317-685-8810           T-150   P.13/22   F-088

43.     Plaintiffs are entitled to be compensated for said warehousing and handling of Defendants' products under the doctrine of implied contract, *quantum meruit* or, in the alternative, unjust enrichment to the Plaintiffs.

**WHEREFORE**, Plaintiffs J. Lewis Cooper Co., Henry A. Fox Sales Company, Fabiano Bros., Inc, collectively doing business as Trans-Con, Co., by and through their attorneys, Willingham & Cote, P.C., request judgment against Defendant, jointly and severally, in whatever amount in excess of $25,000 to which Plaintiffs are entitled, together with interest, costs and attorney fees as allowed by law.

## COUNT V - IMPLIED CONTRACT

44.     Plaintiff Cooper incorporates by reference the allegations set forth in Paragraphs 41 through 43 of the Complaint as though fully set forth herein.

45.     That during the summer of 1999, Defendant Diageo's predecessor, UDVNA, though one of its Regional Vice Presidents, Harry Bigalow, encouraged, enticed, and requested Plaintiff J. Lewis Cooper Co. to become its distributor of various UDVNA low proof brands, which were being then distributed by General Wine Co. in Detroit, Michigan. Defendant's predecessor induced Cooper to add the low proof brands by having Cooper pay General Wine Co. the equivalent of one year's gross profits, then being $288,000.

46.     Defendant Diageo's predecessor (UDVNA) induced Cooper to pay General Wine Co. money for said low proof brands and UDVNA assured and/or implied to Cooper that if Cooper purchased the low proof brands from General Wine Co. thereby protecting UDVNA from possible liability to General Wine, Cooper would remain distributor for these brands as long as Cooper performed its distributor responsibilities in an acceptable manner.

9

FEB-16-05  14:16    FROM-NATIONAL WINE & SPIRITS CORP        317-685-9810      T-160   P.14/22   F-088

47.    In reliance on UDVNA's representations an/or implied promises, Cooper in fact entered into a contract with General Wine and paid General Wine $288,000 for UDVNA's low proof brands with the understanding that Cooper would remain the distributor of all brands then and thereafter assigned to Cooper, as long as Cooper performed its duties in a reasonable manner.

48.    Defendant Diageo ratified, adopted, or is otherwise bound by Cooper's agreement with UDVNA with regard to the low proof brands purchased from General Wine Co. by Cooper at UDVNA's request.

49.    Even though Cooper performed all of its obligations, Diageo breached said agreement and understanding regarding the low proof brands when Diageo terminated all distributor contracts with Cooper on February 19, 2003, as a result of which Cooper has been damaged in excess of $25,000; or, in the alternative, Diageo has been unjustly enriched by its wrongful termination of Cooper's rights to distribute said brands.

WHEREFORE, Plaintiff J. Lewis Cooper Co., by and through its attorneys, Willingham & Cote, P.C., requests a judgment against Defendant Diageo in whatever amount in excess of $25,000 to which Plaintiffs are entitled, together with interest, costs and attorney fees as allowed by law.

WILLINGHAM & COTE, P.C.
Attorneys for Plaintiffs

Dated: February 8, 2005                    BY: _____
                                           Anthony S. Kogut (P31697)
                                           Raymond J. Foresman, Jr. (P13574)
                                           Curtis R. Hadley (P32160)
                                           333 Albert Avenue; Suite 500
                                           East Lansing, Michigan 48823
                                           Telephone: (517) 351-6200

10

FEB-16-05  14:17    FROM-NATIONAL WINE & SPIRITS CORP          317-685-8810 ·        T-150   P.15/22   F-088

Co-Counsel for Plaintiff
William M. McClintic (P17310)
1234 East Broomfield Road, #4E
Mt. Pleasant, MI 48858
Telephone: (989) 772-4206

i:\Team_c\Kogut\09540 TransCon\09540Complaint draft 02 wpd

11



MAR-16-05  17:37                                          P.01      R-712   Job-069

## AFFIDAVIT OF JOHN J. BAKER

STATE OF INDIANA          )
                          )ss.
COUNTY OF MARION          )

JOHN J. BAKER being sworn says:

1.    I am the Secretary and Chief Operating Officer of National Wine & Spirits, Inc.
As Secretary and Chief Operating Officer, I am familiar with National Wine & Spirits,
Inc.'s business.

2.    National Wine & Spirits, Inc. is an Indiana corporation with a principal place of
business located at 700 West Morris Street, Indianapolis, Indiana 46225.

3.    National Wine & Spirits, Inc. is a holding company and owns a subsidiary which
is in the business of distributing spirits in the state of Indiana.  National Wine & Spirits,
Inc. does not carry on any business in Michigan.

4.    National Wine & Spirits, Inc.'s limited connection to Michigan is as the sole
shareholder of NWS Michigan, Inc. which is an authorized distribution agent in Michigan
for the distribution of spirits.  NWS Michigan, Inc. is the managing member of National
Wine & Spirits, L.L.C. which is a Michigan limited liability company in the business of
distributing wine and low proof spirits in the state of Michigan.  National Wine & Spirits,
Inc., however, is not authorized to act as a distributor of spirits in Michigan and does not
transact business in Michigan.

5.    Two non-Michigan subsidiaries of National Wine & Spirits, Inc., United States
Beverage and Merchant Selections, do sell products into the state of Michigan.

6.     Other than as a shareholder of NWS Michigan, Inc., National Wine & Spirits, Inc. does not have any significant direct connection to the state of Michigan as evidenced by the following:

   (a)   National Wine & Spirits, Inc., to my knowledge, does not have any contracts with entities residing in Michigan;

   (b)   National Wine & Spirits, Inc. does not have any Bank accounts in Michigan;

   (c)   National Wine & Spirits, Inc. does not have any real property in Michigan;

   (d)   National Wine & Spirits, Inc. does not do any advertising in Michigan;

   (e)   National Wine & Spirits, Inc. has not conducted any meetings of its board of directors or shareholders in Michigan;

   (f)   National Wine & Spirits, Inc. has only one employee residing in Michigan who I understand lives in Canton, Michigan and works in Brownstown, Michigan.

   (g)   National Wine & Spirits, Inc. does not have any assets in Michigan other than limited personal property consisting of computers and network equipment located in Brownstown, Michigan.  The costs of this property are allocated to NWS Michigan, Inc.

7.     National Wine & Spirits, Inc. is the controlling owner of NWS, Inc., an Illinois holding company which itself owns distributors of spirits in Illinois.

8.     In early 2003, I was involved in discussions and negotiations with Diageo North America, Inc. ("Diageo") concerning spirits distribution rights in the state of Illinois. The discussions and negotiations resulted in a Release and Termination Agreement between NWS, Inc. and Diageo (the "Termination Agreement").

9.     All discussions, negotiations and communications concerning the Termination Agreement occurred outside of Michigan.

T-821  P.03/04  Job-063
T-526  P.03/04  Job-091
8173746304
8173746304
FROM:MCPS LANSING  12:17  MAR-17-05
FROM:MCPS LANSING  12:17  MAR-17-05

MAR-16-05  17:37                                        P.03      R-712    Job-069

10.   In early 2003, I was involved in discussions, negotiations and communications concerning Schieffelin distribution and brokerage needs in Michigan.

11.   Schieffelin executed distribution and brokerage contracts with NWS Michigan, Inc. around the same time as the Termination Agreement.   The Michigan related agreements, however, were not required by the Termination Agreement and were only incidentally related to the Termination Agreement.

12.   All discussions, negotiations and communications concerning the 2003 Schieffelin/NWS Michigan, Inc. agreements occurred outside of Michigan.

13.   National Wine & Spirits, L.L.C. was not involved in any actions concerning the Schieffelin/NWS Michigan, Inc. agreements.

14.   The matters set forth herein are true to the best of my knowledge, information and belief.  If called as a witness, I am competent to testify as to the facts contained herein.

Dated: 3/16/05                                    By _____
                                                      John J. Baker


STATE OF INDIANA            )
                            )ss.
COUNTY OF _____          )
Subscribed and sworn to before me
this _____ day of _____, 2005

_____
        County, State of Indiana                , NOTARY PUBLIC
My Commission Expires: _____


LALIB:133218.1\114169-00003



## AFFIDAVIT OF STEVE NULL

STATE OF INDIANA      )
                                     )ss.
COUNTY OF _Marion_     )

STEVE NULL being sworn says:

1.      On January 1, 2005, I became Corporate Vice President of Operations for National Wine & Spirits, Inc. located in Indianapolis, Indiana.

2.      From approximately 2000 through 2004, I was Director of Michigan Operations for NWS Michigan, Inc.

3.      NWS Michigan, Inc. is in the business of distributing spirits in the state of Michigan and has its registered office and a place of business located at 17550 Allen Road, Brownstown (Wayne County), Michigan 48912. NWS Michigan, Inc. also has a place of business in Grand Rapids (Kent County), Michigan. NWS Michigan, Inc. does not have a place of business in Isabella County.

4.      As Director of Michigan Operations for NWS Michigan, Inc., I was responsible for inventory, deliveries, contracts, leases, customer service, and warehouse operations.

5.      NWS Michigan, Inc. is an Authorized Distributor Agent for spirits in Michigan. As an ADA, NWS Michigan, Inc. stores spirits owned by Diageo North America, Inc. ("Diageo") and the state of Michigan. Title to the spirits is transferred to the state of Michigan before the spirits leave NWS Michigan, Inc.'s places of business in Kent County and Wayne County for distribution to retail licensees.

6.    NWS Michigan, Inc. is the managing member of National Wine & Spirits, L.L.C. which is a Michigan limited liability company which has its registered office and a place of business located at 17550 Allen Road, Brownstown (Wayne County), Michigan 48912.  National Wine & Spirits, L.L.C. also has a place of business in Grand Rapids (Kent County), Michigan.  National Wine & Spirits, L.L.C. does not have a place of business in Isabella County.

7.    As a recent Director of Michigan Operations for National Wine & Spirits, L.L.C.'s managing member, I am familiar with National Wine & Spirits, L.L.C.'s business.

8.    National Wine & Spirits, L.L.C. is in the business of distributing wine and low proof spirits in the state of Michigan.  National Wine & Spirits, L.L.C. is not authorized to act as an Authorized Distribution Agent ("ADA") of spirits in Michigan and does not act as an ADA in Michigan.

9.    National Wine & Spirits, L.L.C. chiefly operates its business out of two large warehouses in Brownstown (Wayne County) and Grand Rapids (Kent County) Michigan. National Wine & Spirits, L.L.C. also uses small dock facilities in Escanaba, Saginaw, and Traverse City.  National Wine & Spirits, L.L.C. does not have a place of business in Isabella County.

10.    All products purchased and sold by National Wine & Spirits, L.L.C. are first shipped to the warehouses in Brownstown and Grand Rapids and subsequently distributed by truck to retailers licensed by the state of Michigan.  Products purchased from Diageo change title from Diageo before delivery into Michigan to the warehouses used by National Wine & Spirits, L.L.C.

11.   In 2003, NWS Michigan, Inc. entered into an Authorized Distribution Agent Agreement and a Brokerage Agreement with Schieffelin & Somerset Co. ("Schieffelin").

12.   National Wine & Spirits, L.L.C. is not a party to the 2003 agreements between NWS Michigan, Inc. and Schieffelin.   National Wine & Spirits, L.L.C. did not participate in any discussions or negotiations concerning the 2003 NWS Michigan, Inc./Schieffelin agreements.

13.   I understand that Trans-Con Co. has sued National Wine & Spirits, L.L.C., Diageo and National Wine & Spirits, Inc. for lost revenues and profits, including loss of future profits, on a theory that these companies wrongfully induced Schieffelin to replace Trans-Con as its ADA and broker of spirits in Michigan.   Based on my knowledge and experience with NWS Michigan, Inc., including my general knowledge of the revenues associated with such contracts in the industry, Trans-Con Co's claim for lost profits and future lost profits exceeds $75,000.

14.   The matters set forth herein are true to the best of my knowledge, information and belief.   If called as a witness, I am competent to testify as to the facts contained herein.

Dated: _3/16/05_                    By _____
                                              Steve Null


STATE OF INDIANA          )
                                        )ss.
COUNTY OF _Marion_     )
Subscribed and sworn to before me
this _16th_ day of _March_, 2005
_Teresa L. Swartz_
_Teresa L. Swartz_                        _____, NOTARY PUBLIC
_Marion_ County, State of Indiana
My Commission Expires: _03-05-2009_

44073-10084

## CIVIL COVER SHEET

05-10084

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| **(a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| J. LEWIS COOPER CO., HENRY A FOX SALES COMPANY, and FABIANO BROS., INC., collectively d/b/a TRANS-CON, CO. | NATIONAL WINE & SPIRITS, INC. and NATIONAL WINE & SPIRITS, L.L.C. DIAGEO NORTH AMERICA, INC. |
| **(b) County of Residence of First Listed: Oakland** | County of Residents of First Listed: **Connecticut** |
| **(c)** Attorneys (Name, Address and Telephone Number) | Attorneys (If Known) |
| Anthony S. Kogut (P31697) | MILLER, CANFIELD, PADDOCK AND STONE, PLC |
| Raymond J. Foresman, Jr. (P13574) | Louis B. Reinwasser    DAVID M. LAWSON |
| Curtis R. Hadley (P32160) | Dean Altobelli |
| Willingham & Cote, P.C. | Kelly M. Drake   MAGISTRATE JUDGE BINDER |
| 333 Albert Avenue, Suite 500 | One Michigan Avenue, Suite 900 |
| East Lansing, MI 48823   517-351-6200 | Lansing, MI 48933   (517) 487-2070 |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff) and One Box for Defendant
(For Diversity Cases Only)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☒1 | ☐1 | Incorporation or Principle of Business in This State | ☒4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporation and Principal of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☒ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 625 Drug Related Seizure of Property 21:881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel and Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/ Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act. | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS-Third Party 28 USC 7609 | ☐ 890 Other Statutory Actions |
| ☒ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdiction statutes unless diversity.)

28 U.S.C. §§ 1332, 1441

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
Amount in excess of $25,000 but amount in controversy exceeds $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

Date: 3/17/05

SIGNATURE OF ATTORNEY OF RECORD
x _Dean M. Altobelli_

Receipt # _____ Amount _____ Applying IFP _____ Judge _____ Mag. Judge _____

ANT TO LOCAL RULE 83.11

Is this a case that has been previously dismissed?           ☐ Yes

☒ No

If yes, give the following information:

Court:_____

Case No.:_____

Judge:_____

2.   Other than stated above, are there any pending or previously discontinued    ☐Yes
     or dismissed companion cases in this or any other court, including state
     court?  (Companion cases are matters in which it appears substantially       ☒No
     similar evidence will be offered or the same or related parties are present
     and the cases arise out of the same transaction or occurrence.)

If yes, give the following information:

Court:

Case No.: _____

Judge: _____

Notes:

LALIB:133190.1\114169-00003